**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4742**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES THOMAS LINK,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:14-cr-00076-TSE-2)

---

Submitted:  May 28, 2015        Decided:  June 17, 2015

---

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Jennifer A. Clarke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Link pled guilty, pursuant to a written plea agreement, to two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). Link subsequently filed a motion to withdraw his plea with respect to one of these counts. In his motion, Link alleged that his plea was involuntary because it was premised on his mistaken belief, based on a conversation with the prosecutor and defense counsel, that a codefendant would testify against him if he proceeded to trial. Following an evidentiary hearing, the district court denied Link's motion. On appeal, Link argues that the district court erred in denying his motion. Finding no error, we affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383-84 (4th Cir. 2012). After a district court accepts a guilty plea but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). A defendant has "no absolute right to withdraw a guilty plea," and he "has the burden of showing a fair and just reason for withdrawal." United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

2

Although we have identified several factors to be considered in assessing whether the defendant has met his burden, United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), a central factor is the knowing and voluntary nature of the guilty plea. Nicholson, 676 F.3d at 384. "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Nicholson, 676 F.3d at 384 (internal quotation marks omitted).

With these standards in mind, and having reviewed the transcripts of the Rule 11 hearing and the hearing on the motion to withdraw, we conclude that the district court did not abuse its discretion in finding that Link failed to show a fair and just reason to withdraw his plea. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED